## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Debora Ann Randolph,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> Trans Union, LLC,  ) <br> ) <br> Serve Registered Agent at:  ) <br> The Prentice-Hall Corporation System,  ) <br> Kansas, Inc.  ) <br> 2900 S.W. Wanamaker Dr., Suite 204  ) <br> Topeka, KS 66614  ) <br> ) <br> Defendant.  ) | Case No. _____ |

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Debora Ann Randolph, by and through her attorneys at The Law Offices of Tracy L. Robinson, LC, who, pursuant to 15 U.S.C. § 1681, *et seq.*, in her Complaint for Damages state and allege to the Court as follows:

### INTRODUCTION

This is an action for damages brought by individual consumer Debora Ann Randolph against Trans Union, LLC for violations of the Fair Credit Reporting Act (hereafter "FCRA"), 15 U.S.C. §§1681, *et seq*, as amended.

### JURISDICTION AND VENUE

1. Jurisdiction over this proceeding arises from 15 U.S.C. § 1681 and generally under 28 U.S.C. § 1331.

2. Venue in this Court is proper in that Defendant transacts business in the state of Kansas and Kansas is where the injuries occurred.

## PARTIES AND SERVICE

3. Debora Ann Randolph (hereafter "**Plaintiff**"), is a natural person who, at all times relevant, resides in the State of Kansas.

4. Defendant Trans Union, LLC, hereafter ("**Defendant**"), is a business entity that regularly conducts business in Kansas, and may be served through its Registered Agent, The Prentice-Hall Corporation System, Kansas, Inc., at 2900 S.W. Wanamaker Dr., Suite 304, Topeka, KS 66614.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. On May 12, 2010, Plaintiff filed a Chapter 13 Bankruptcy in the District of Kansas, Case No. 10-21593-rdb.

6. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines was entered on May 12, 2010, showing Litton Loan Servicing LP was sent notice of Plaintiff's bankruptcy.

7. The BNC Certificate of Mailing of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines is attached as Exhibit A.

8. Plaintiff had a first mortgage with Litton Loan Servicing LP to be paid through Plaintiff's Chapter 13 Plan.

9. The debt owed to Litton Loan Servicing LP was excepted from discharge.

10. The pertinent pages of Plaintiff's Chapter 13 Plan are attached as Exhibit B.

11. Litton Loan Servicing LP transferred the mortgage debt to Ocwen Loan Servicing, LLC on October 11, 2011.

12. Transfer of Claim is attached as Exhibit C.

13. Ocwen Loan Servicing, LLC participated in Plaintiff's Chapter 13 Bankruptcy by filing numerous Notices of Mortgage Payment Change and responding in agreement to the Chapter 13 Trustee's Notice of Final Cure Payment.

14. Plaintiff received her discharge on November 24, 2015.

15. The Notice of Discharge of Debtor After Completion of Chapter 13 Plan was entered on November 26, 2015, showing Ocwen Loan Servicing, LLC was sent notice of Plaintiff's discharge.

16. The BNC Certificate of Mailing of the Notice of Discharge of Debtor After Completion of Chapter 13 Plan is attached as Exhibit D.

17. On or about October 12, 2016, Plaintiff requested and reviewed her credit reports from Defendant, Equifax and Experian.

18. Plaintiff became aware that Ocwen Loan Servicing, LLC was misreporting information on each of her credit reports.

19. Ocwen Loan Servicing, LLC was reporting incorrectly that the mortgage debt was discharged with a $0 balance and no current payment history.

20. However, Plaintiff excepted the debt owed to Ocwen Loan Servicing, LLC from her discharge in her Chapter 13 case.

21. On October 12, 2016, Plaintiff sent letters with her bankruptcy information to Defendant, Equifax and Experian disputing Ocwen Loan Servicing, LLC's incorrect reporting in accordance with 15 U.S.C. § 1681i.

22. Copies of Plaintiff's dispute letters are attached as Exhibit E.

23. While Equifax and Experian properly sent Consumer Dispute Verifications to Ocwen Loan Servicing, LLC as required by 15 U.S.C. § 1681i, and Plaintiff's Equifax and

Experian credit reports were corrected; Defendant failed to send a Consumer Dispute Verification to Ocwen Loan Servicing, LLC as required by 15 U.S.C. § 1681i, and deleted Plaintiff's mortgage altogether.

24. The incorrect Trans Union credit report is attached as Exhibit F.

25. Defendants' failure to conduct a reasonable reinvestigation and notify Ocwen Loan Servicing, LLC of Plaintiff's dispute was a substantial factor causing Plaintiff reduced credit scores, emotional distress, frustration, missed time from work in order to tend to this matter, inconvenience and the hindrance to her fresh start entitled under the Bankruptcy Code.

26. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

## COUNT I
## TRANS UNION
## VIOLATIONS OF THE FCRA

27. Plaintiff repeats, realleges, and incorporates by reference each and every prior paragraph in this Complaint.

28. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act (hereafter "**FCRA**"), 15 U.S.C. 1681, *et seq*.

29. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

30. The above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

31. Pursuant to 15 U.S.C. §1681n and §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

4

a. Willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the disputes from Plaintiff in violation of 15 U.S.C. §1681i(a);

b. Willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the disputes of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

c. Willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the disputes from Plaintiff;

d. Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b); and

e. Willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

32. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays judgment in her favor for damages as provided by the FCRA in such amount as fair and reasonable, for her actual damages incurred, for the imposition of punitive damages against Defendant in such sum as will deter Trans Union, LLC and others in the future from similar conduct and for such other relief the Court deems just and reasonable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Debora Ann Randolph respectfully requests this Court award the following:

a. Actual Damages;

b. Statutory Damages for each violation of the FCRA;

c. Punitive Damages;

d. Costs and reasonable attorney's fees pursuant to the FCRA;

e. Reinsertion and correction of the mortgage debt with Ocwen Loan Servicing LLC to Plaintiff's Trans Union credit report;

f. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted,

/s/ Chelsea S. Springer
Chelsea S. Springer #20522
The Law Offices of Tracy L. Robinson, LC
818 Grand Boulevard, Suite 505
Kansas City, MO  64106
Phone: (816) 842-1317
Fax:     (816) 842-0315
chelseas@tlrlaw.com
Attorney for Plaintiff